## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| **APRIL STEWART**, <br><br> Plaintiff, <br><br> v. <br><br> **D&S CONSTRUCTION, INC., DIGIOIA SUBURBAN EXCAVATING, LLC AND SHAWN MONNOLLY,** <br><br> Defendants. | CASE NO. 1:25-cv-1182 <br><br> **Jury Demand** |

### COMPLAINT

Plaintiff, April Stewart ("Stewart"), by and through undersigned counsel, and for her Complaint against D&S Construction, Inc., Digioia Suburban Excavating, LLC, and Shawn Monnolly ("Defendants" or "Digioia" or "Monnolly") states the following:

### INTRODUCTION

1. The Plaintiff, Ms. Stewart sues the Defendants for violations of Title VII of the Civil Rights Act of 1964 and R.C. 4112. During her employment at Digioia, Ms. Stewart was harassed and subjected to a hostile work environment that included sexual comments by her co-workers. Ms. Stewart complained to the Defendants about the harassment and the Defendants failed to act reasonably in response thereto. Ms. Stewart was later disciplined in retaliation for filing her complaint(s) and subjected to discharge. She seeks entry of judgment in her favor and against the Defendants as well as damages including compensatory damages, equitable relief, and attorneys' fees and costs.

1

**PARTIES**

2. Plaintiff, April Stewart ("Plaintiff" or "Ms. Stewart") was employed by Digioia Suburban Excavating, LLC ("Digioia" or "Employer"), located at 11293 Royalton Rd., Cleveland, Ohio 44133.

3. Plaintiff is protected by Title VII of the Civil Rights Act of 1964 and R.C. 4112 because she:

   a. Is female;

   b. Was subjected to workplace harassment because of her gender;

   c. Opposed what she reasonably believed to be sexual harassment, including through her formal complaint of harassment made to Defendants and her participation in the investigation of complaints made by her concerning the conduct of her co-worker; and

4. Defendants, Digioia is/was a duly authorized corporation for profit licensed to do business in the State of Ohio.

5. Defendant Shawn Monnolly is a resident of Avon, Ohio

6. At all times material, Defendants D&S Construction, Inc. and Digioia Suburban Excavating, LLC were and are an "employer" as envisioned by Title VII and R.C. 4112.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 pursuant to 28 U.S.C.S. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's claims under R.C. 4112 pursuant to 28 U.S.C.S. § 1367 since those claims form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper for this action pursuant to 28 U.S.C.S. § 1391(b)(2), as Plaintiff's

claims for relief arose in Cleveland, Ohio.

## FACTUAL BACKGROUND

10. Plaintiff was employed as a Controller with D&S Construction, Inc. and Digioia Suburban Excavating from January 2, 2023, until her termination on September 11, 2023.

11. Plaintiff was subjected to discrimination, including but not limited to sex discrimination, retaliation, hostile work environment, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Ohio law.

12. From the beginning of Plaintiff's employment with D&S Construction, Inc. and Digioia Suburban Excavating, Chad Griffith and Lou Petit subjected Plaintiff to a disturbing pattern of inappropriate and degrading conduct.

13. Mr. Griffith came into Plaintiff's office, stood very close to her, and stated he "should have bought her a big penis and put in on her desk as a welcome gift."

14. Mr. Griffith also said that he had one in his office, but one of the women in the office was upset over it, so she was fired.

15. Lou Petit entered Ms. Stewart's office to ask if she was single.

16. Mr. Petit also told her about the affair that Nick DiGioia Sr. was having with Karen Salvertor, and how the men at the company could get away with anything they wanted.

17. In March 2023, Mr. Petit told Ms. Stewart how he and his wife enjoy having threesomes.

18. Mr. Petit then asked for Ms. Stewart's phone number so he could invite her to join one of these threesomes.

19. The inappropriate comments left Ms. Stewart feeling very uncomfortable.

20. Ms. Stewart reported this conversation to Nick DiGioia Sr. and Jessica DiGioia.

21. Mr. and Ms. DiGioia laughed at Ms. Stewart and told her that she was "a big girl" and could "handle it."

22. Plaintiff's supervisors refused to investigate her claims of sexual harassment.

23. The sexual harassment also extended to Ms. Stewart's female staff members.

24. In April 2023, Ms. Stewart hired a new employee named Leslie.

25. Within two days of her hire, Mr. Petit wrote Leslie a letter explaining how he wanted to have sex with her and how much he adored her.

26. Leslie, visibly upset, approached Ms. Stewart and asked for guidance regarding the harassment.

27. Ms. Stewart reported the incident to Shawn Monnolly, Nick Sr. and Jessica DiGioia and provided the Petit letter as documentation of the event.

28. Leslie quit within a week due to the work environment.

29. Nick Sr. repeatedly made sexually explicit and inappropriate comments in the workplace directly to Ms. Stewart.

30. In one conversation, he recalled to Ms. Stewart and Victor Silley how he got his first blowjob at 18 from a 16-year-old girl.

31. On another occasion, he told Ms. Stewart she couldn't wear dresses to work because he couldn't stop staring at her.

32. Nick Sr. also commented on Ms. Stewart's weight, her looks, and her breasts.

33. Nick Sr. frequently boasted about the size of his penis.

34. Defendants failed to conduct an actual investigation because the harassment continued despite Plaintiff's complaints.

35. Due to Defendants taking no corrective action against Plaintiff's co-workers,

Plaintiff was forced to endure additional harassment.

36. None of the co-workers mentioned in Plaintiff's report of harassment were ever suspended or otherwise disciplined for their sexually explicit comments.

37. On September 11, 2023, Plaintiff was terminated because management was "making a change."

38. Prior to Plaintiff's termination, she had never been reprimanded for performance issues.

39. Defendants failed to act reasonably in response to Plaintiff's reports of sexual harassment.

40. Defendants' reason for termination was pretextual.

41. Plaintiff's termination followed directly from her reports of harassment, making it clear that Defendants terminated her employment because of her good faith reports of sexual harassment.

42. At all times relevant, Defendants failed to investigate Plaintiff's complaints of sexual harassment.

43. By failing to act promptly and reasonably in response to Plaintiff's complaints, Defendants violated Plaintiff's right to be free from harassment in the workplace.

44. Defendants, through the actions more specifically alleged above, affected one or more "terms, conditions or privileges" of Plaintiff's employment as envisioned by R.C. 4112.

45. The treatment as to which Plaintiff was subjected was based, at least in part, upon:

    a. The fact that Plaintiff is female;

    b. The fact that Plaintiff opposed what she reasonably perceived as sexual harassment.

46. Plaintiff's complaints were a substantial and/or motivating factor in Defendants' decision(s) to terminate Plaintiff.

47. The decision(s) to terminate Plaintiff would not have been made absent her membership in one or more of the protected classes described above.

## COUNT I: SEX DISCRIMINATION AGAINST D&S AND DIGIOIA

48. Plaintiff realleges and incorporates all preceding paragraphs.

49. Plaintiff is a member of a protected class, to wit: sex.

50. Plaintiff was subjected to an adverse employment action after filing a complaint of sexual harassment because of her gender.

51. Defendants D&S Construction, Inc. and Digioia Suburban Excavating had actual or constructive knowledge of the harassing conduct through Plaintiff's own complaints.

52. Defendants D&S Construction, Inc. and Digioia Suburban Excavating failed to properly investigate Plaintiff's claims based on her gender.

53. As a direct and proximate result Employer's unlawful conduct, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, emotional distress, and the loss of pay, bonuses, benefits, and other compensation and other privileges and conditions of employment.

## COUNT II: HOSTILE WORK ENVIRONMENT/HARASSMENT AGAINST D&S AND DIGIOIA

54. Plaintiff realleges and incorporates all preceding paragraphs.

55. The egregious harassing conduct was so severe and pervasive that it affected Plaintiff's terms and conditions of employment as it created a work environment that interfered with Plaintiff's ability to perform her role and resulted in retaliatory action, including unwarranted

termination.

56. Defendants D&S Construction, Inc. and Digioia Suburban Excavating were aware of the harassment and hostile work environment based upon Plaintiff's repeated reports of sexual harassment.

57. Defendants D&S Construction, Inc. and Digioia Suburban Excavating failed to conduct an investigation or take immediate and appropriate corrective action to ensure the harassing conduct ceased.

58. Defendants D&S Construction, Inc. and Digioia Suburban Excavating had actual or constructive knowledge of the harassing conduct and hostile work environment of Plaintiff's co-workers, through Plaintiff's own complaints.

59. As a direct and proximate result Employer's unlawful conduct, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, emotional distress, and the loss of pay, bonuses, benefits, and other compensation and other privileges and conditions of employment.

60. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

61. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to Title VII and R.C. 4112.

**COUNT III: TITLE VII RETALIATION AGAINST D&S AND DIGIOIA**

62. Plaintiff realleges and incorporates all preceding paragraphs.

63. Plaintiff engaged in a protected activity when she lodged complaints about harassment, discrimination, retaliation, and hostile work environment to human resources.

7

64. Employer was aware of Plaintiff's engagement in the protected activity.

65. Employer failed to commence an investigation into Plaintiff's complaints.

66. Defendants D&S Construction, Inc. and Digioia Suburban Excavating terminated Plaintiff's employment because of her complaint of unlawful sexual harassment.

67. Employer engaged in retaliatory conduct against Plaintiff by terminating Plaintiff's employment.

68. Defendants' D&S Construction, Inc. and Digioia Suburban Excavating proffered reason for Plaintiff's termination is simply pretext for retaliation.

69. As a direct and proximate result Employer's unlawful conduct, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, emotional distress, and the loss of pay, bonuses, benefits, and other compensation and other privileges and conditions of employment.

**COUNT IV: AIDING AND ABETTING AGAINST SHAWN MONNOLLY**

70. Plaintiff realleges and incorporates all preceding paragraphs.

71. Pursuant to Ohio R.C. § 4112.02(J), it is unlawful for any person to aid or abet unlawful discrimination.

72. Plaintiff is a member of a protected class because of her gender.

73. By making complaints about sexual harassment, Plaintiff engaged in activity protected by Ohio R.C. § 4112.

74. By failing to adequately address and end the sexual harassment Plaintiff endured, Shawn Monnolly aided and abetted D&S And Digioia in their sexual harassment of Plaintiff.

75. By failing to adequately address and end the sexual harassment Plaintiff endured,

Shawn Monnolly aided and abetted D&S And Digioia in the Hostile Work Environment to which they subjected Plaintiff.

76. By terminating Plaintiff, Shawn Monnolly aided and abetted D&S And Digioia in their retaliation against Plaintiff.

77. As a direct and proximate result of Shawn Monnolly's unlawful conduct, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, emotional distress, and the loss of pay, bonuses, benefits, and other compensation and other privileges and conditions of employment.

**WHEREFORE**, Plaintiff prays for the following relief:

a. judgment in her favor and against Defendants for violation of the anti-discrimination/anti-harassment/anti-retaliation provisions of Title VII and R.C. 4112;

b. judgment in her favor and against Defendants for actual and compensatory damages, including back pay, emotional distress, and front pay, in an amount to be determined by a jury of her peers;

c. judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses.

d. declaratory judgment that Defendants' practices toward Plaintiff violate Plaintiff's rights under Title VII and R.C. 4112;

e. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims so triable.

|  |  |
|---|---|
| Dated: June 6, 2025 | Respectfully Submitted,<br><br>*s/J. Corey Asay*<br>J. Corey Asay<br>HKM EMPLOYMENT ATTORNEYS LLP<br>312 Walnut Street, Suite 1600<br>Cincinnati, Ohio 45202<br>T: (513) 318-4496<br>F: (513) 318-4496<br>E: casay@hkm.com<br><br>*Counsel for Plaintiff* |

10